IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00049-CV

 

Bossier Chrysler-Dodge II, Inc. 

d/b/a Bossier Country,

                                                                      Appellant

 v.

 

James Riley,

                                                                      Appellee

 

 

 



From the 77th District Court

Freestone County, Texas

Trial Court No. 03-158-A

 



MEDIATION ORDER










 

      The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005 & Supp.
2005).  The policy behind ADR is stated in the statute: “It is the policy of
this state to encourage the peaceable resolution of disputes . . . and the
early settlement of pending litigation through voluntary settlement
procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR. 
Mediation is a mandatory but non-binding settlement conference, conducted with
the assistance of a mediator.  Mediation is private, confidential, and
privileged.

      We find that this matter is appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

      The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellant is ordered to file a notice with the Clerk of this Court which
either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

      Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

      Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

      Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

      Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

      Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

      Any objection to this Order must be filed
with this Court and served upon all parties within ten days from the date of
this Order, or it is waived.

      We
abate this cause for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

      Justice
Vance, and

      Justice
Reyna

Order
issued and filed April 5, 2006

Appeal
abated

Do
not publish